# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RASHIEM BURDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18CV767 |
| | ) |
| MR. COVINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court upon Defendants Ronald P. Covington and Ian S. Oxendine's ("Moving Defendants") Motion to Set Aside Entry of Default. (Docket Entry 40.) Plaintiff Rashiem Burden, a prisoner, originally filed this action *pro se* against several Defendants alleging numerous constitutional violations stemming from an incident occurring at the Scotland Correctional Institution in October 2017. (*See* generally Compl., Docket Entry 2.) After failing to answer, the undersigned entered default against Defendants Covington, Oxendine, Mr. Wallace, and Felicia Pate. (*See* Docket Entries 20, 24, 28.) Plaintiff subsequently filed a motion where he sought, *inter alia*, default judgment against Defendants. (*See* Docket Entries 31, 32.)

The Court held an evidentiary hearing on June 23, 2021, during which an attorney with the North Carolina Department of Justice, Mr. Norlan W. Graves, made a limited appearance and explained identification and service concerns regarding multiple Defendants. At the conclusion of the hearing, the undersigned instructed counsel to file a notice of appearance in the matter within fourteen days of the hearing if he would be representing Defendants. In

addition, the Court noted that it would inquire as to appointment of counsel for Plaintiff in this matter. (Minute Entry dated 6/23/2021.) Soon thereafter, Attorney Graves filed a written appearance on behalf of Defendants Covington, Oxendine, and Locklear. (*See* Docket Entry 37.) Also, counsel appeared on Plaintiff's behalf. (Docket Entries 38, 39.)

A telephone hearing was held on August 4, 2021, and Moving Defendants filed the pending motion to set aside default judgment on August 18, 2021. (Docket Entry 40.) In his notice of non-opposition, Plaintiff states that "Moving Defendants have agreed to waive service and any objections to sufficiency of process, service of process, and personal jurisdiction[,]" and "[b]ased on that agreement," Plaintiff does not oppose the motion to set aside entry of default against the movants. (Docket Entry 44 at 1.)[1]

## DISCUSSION

Pursuant to the Federal Rules of Civil Procedure, "[t]he Court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Fourth Circuit has held that certain factors must be considered to determine if there is "good cause" to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969) (citation

---

[1] On October 8, 2021, Defendants Covington, Oxendine, and Locklear, filed a notice of acceptance of service pursuant to Fed. R. Civ. P. 4(d). (*See* Docket Entry 46.)

2

omitted). Resolution of motions made under Rules 55(c) "is a matter which lies largely within the discretion of the trial judge[.]" *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Considering the *Payne* factors, the Court concludes that Moving Defendants' motion should be granted. At least as to Defendant Covington, there may be some personal responsibility to place on him given the record reflects that he was personally served in this matter. (*See* Docket Entry 11.) In addition, Moving Defendants contend that they have meritorious immunity defenses (Docket Entry 40 at 3), although without proffering evidence of such for the purposes of this motion. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim.").

Notwithstanding such, the remaining *Payne* factors undoubtedly weigh in Moving Defendants' favor as they have acted with reasonable promptness in light of the circumstances explained at the June 23, 2021 hearing, and Plaintiff will not be prejudiced by the removal of the default. In fact, Plaintiff has not opposed this motion considering Moving Defendants' agreement to waive certain objections. (*See* Docket Entry 44.) With respect to the fifth factor, there is no history of dilatory conduct on the part of Moving Defendants. Lastly, regarding the availability of sanctions less drastic, "[n]either party has suggested alternative sanctions, but the Court [can] certainly consider any suggestions that are brought before it. . . . Therefore, this factor counsels in favor of setting aside default." *Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp.*, 812 F. Supp. 2d 710, 727 (E.D. Va. 2011) (internal citation omitted). Thus, having

considered the *Payne* factors and for good cause shown, Moving Defendants' motion—which Plaintiff does not oppose—should be granted.[2]

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Set Aside Entry of Default (Docket Entry 40) be **GRANTED,** and that the Court's Entry of Default (Docket Entries 20, 28) be **SET ASIDE** solely as to Defendants Ronald P. Covington and Ian S. Oxendine.[3]

_____
Joe L. Webster
United States Magistrate Judge

October 19, 2021
Durham, North Carolina

---

[2] For the same reasons, Moving Defendants have established that their failure to file an answer was due to excusable neglect and that there is good cause to extend the time for them to answer Plaintiff's complaint.

[3] To date, Defendants Wallace and Pate have not sought to set aside their entries of default.

4